IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.	Case Nos.  3:09cr114/MCR
	3:11cv153/MCR/EMT

CASEY PENTON

---

# REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 109).  The government has filed a response (doc. 117), and Defendant has filed a reply (doc. 123).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied and dismissed.

## BACKGROUND

Defendant was charged with conspiracy to possess with intent to distribute cocaine base, cocaine, marijuana and hydrocodone, as well as jointly maintaining and using a place for the purpose of manufacturing and distributing said controlled substances (doc. 3).  He entered a plea of guilty pursuant to a written plea and cooperation agreement and signed a written statement of facts outlining his offense conduct (docs. 45 & 46).

The PSR reflects that Defendant's base offense level for the offense conduct was 30[1] (doc. 82, PSR ¶ 63). A two-level increase was applied, pursuant to § 2D1.1(b)(1) of the guidelines, due to the two co-conspirators' possession of firearms during the conspiracy (doc. 82, PSR ¶ 64). After applying a three-level downward adjustment for acceptance of responsibility, Defendant's total offense level was 29 (*id.* ¶¶ 69, 72). According to the calculations in the PSR, Defendant had a criminal history category of II and therefore an advisory guidelines range of 97 to 121 months.

Defendant objected to the quantity of drugs attributed to him and the criminal history category, he argued that he should receive a two-level adjustment for his minor role in the offense, and that with these adjustments he qualified for the Safety Valve Departure (doc. 74). Defendant withdrew his objections based in part on changes in the treatment of different drugs under the guidelines (doc. 104 at 6–8). Because the corresponding offense levels categories changed, Defendant's adjusted total offense level was 25, and the advisory guidelines ranges was 63 to 78 months. He was sentenced to a term of 63 months imprisonment (doc. 104 at 25). He did not appeal.

Defendant timely filed his motion to vacate pursuant to the prison mailbox rule on March 20, 2011 (doc. 109). Defendant raised four grounds for relief in his initial motion. He claimed that counsel was constitutionally ineffective in that: 1) he failed to object to criminal history calculation; 2) he failed to review the PSR until after imposition of sentence; 3) he failed to inform Defendant about a two-point adjustment for a firearm; and 4) he failed to discuss Defendant's appellate rights with him (*id.*). In the government's response, it noted that this case might present one of the rare circumstances where a hearing would be helpful for the court's consideration of some of the issues Defendant raised in his motion (doc. 117). The basis for this assertion was the government's belief that Defendant had likely committed perjury in presenting his sworn arguments. The government referenced grounds III(B) and (C) in its response, as did the court's order directing Defendant to file a sworn reply. Because the government combined two of Defendant's grounds for relief in its response, it actually asserted that three of Defendant's grounds for relief included potentially false

---

[1] Because there were multiple substances involved in the conspiracy, the marijuana equivalency was used to determine Defendant's base offense level (doc. 82, PSR ¶ 63).

Case No: 3:09cr114/MCR; 3:11cv153/MCR/EMT

assertions. Defendant has now filed his reply (doc. 123), which was docketed by the clerk in error as it was not sworn under penalty of perjury (*see* doc. 119).[2]

## LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; Thomas v. Crosby, 371 F.3d 782, 811 (11th Cir. 2004); United States v. Phillips, 225 F.3d 1198, 1199 (11th Cir. 2000). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981); Hidalgo v. United States, 138 Fed. Appx. 290 (11th Cir. 2005). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16, 83 S. Ct. 1068, 1077, 10 L. Ed. 2d 148 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported

---

[2] The document reflects that it was prepared by a "writ writer" (doc. 123 at 1) although this would not have prevented Defendant from swearing to the veracity of the contents of the traverse under penalty of perjury.

Case No: 3:09cr114/MCR; 3:11cv153/MCR/EMT

by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn v. United States, 365 F.3d 1225, 1234–35 (11th Cir. 2004); Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"); United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 118 S. Ct. at 1611 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See* Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503, 123 S. Ct. 1690, 1693, 155 L. Ed. 2d 714 (2003); *see also* United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Id.,* 466 U.S. 668, 686, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d (1984);

Williams v. Taylor, 529 U.S. 362, 390, 120 S. Ct. 1495, 1511, 146 L. Ed. 2d 389 (2000); Gaskin v. Secretary, Dept. of Corrections, 494 F.3d 997, 1002 (11th Cir. 2007). "Strickland's two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." Yordan v. Dugger, 909 F.2d 474, 477 (11th Cir. 1990) (*citing* Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)); United States v. Pease, 240 F.3d 938, 941 (11th Cir. 2001). In applying Strickland, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S. Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S. Ct. at 2065; *see also* Dingle v. Secretary for Dept. of Corrections, 480 F.3d 1092, 1099 (11th Cir. 2007). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." Yordan, 909 F.2d at 477 (citing Harich v. Dugger, 844 F.2d 1464, 1469 (11th Cir. 1988); Dingle, 480 F.3d at 1099; Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315 (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993). A

defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04, 121 S. Ct. 696, 700–01, 148 L. Ed. 2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge, 431 U.S. at 74, 97 S. Ct. at 1629); United States v. Ross, 147 Fed. Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant

must support his allegations with at least a proffer of some credible supporting evidence. *See* Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dept. of Corrections, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. Lynn, 365 F.3d at 1239.

Ground One

Defendant's first claim is that counsel was constitutionally ineffective because he failed to object to the criminal history calculation. He asserts that counsel failed to object to the two prior convictions that were "not adult sentences." Defendant received one criminal history point for a conviction for battery at age 16 (doc. 82 at ¶ 76), one criminal history point for a conviction for possession of marijuana at age 17 which was followed by a contempt of court conviction (*id.* at ¶ 77), and one criminal history point for a conviction for battery at age 19 which also was followed by a related contempt of court conviction (*id.* at ¶ 79). Counsel objected to the adult "contempt" conviction included in paragraph 79, stating that it should not count as a conviction since Defendant's sentence was less than 30-days imprisonment (doc. 74 at 3). The court considered counsel's arguments in this regard at sentencing, but overruled the objection (doc. 104 at 8–9). Counsel did not object to the scoring of one point for Defendant's prior drug conviction or his first battery conviction, but there was no basis to do so. The guidelines expressly provide for scoring juvenile adjudications. *See* U.S.S.G. § 4A1.2(d)(2)(B). The subtraction of one criminal history point would not have made a difference in Defendant's criminal history category, and Defendant has identified no viable legal basis for counsel to object. It is well established that counsel is not

ineffective for failing to preserve or argue a meritless claim.  Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also* Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); Chandler v. Moore, 240 F.3d 907 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); Meeks v. Moore, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (counsel not ineffective for failing to preserve or argue meritless issue); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (counsel not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures, where such a motion has never been sustained, because such a motion would not have been successful).  Therefore Defendant is not entitled to relief.

### Ground Two

Defendant's second ground for relief is that counsel did not review the PSR with him before sentencing.  He has withdrawn this claim in his traverse to the government's response, as there is no factual or legal basis to support it (doc. 123 at1).

### Ground Three

Defendant next claims that counsel was constitutionally ineffective because he failed to inform him about the two-level adjustment for the co-conspirators' possession of a firearm.  He claims that he was "unaware of the firearm enhancement until after sentence was imposed" (doc. 109 at 4).  In light of Defendant's admission that there was no factual basis for his claim that counsel had failed to review the PSR with him until after sentencing and the fact that the two-level firearm adjustment was included in the PSR ¶ 64, this assertion is mistaken, if not false.

In the traverse, Defendant states that the gun enhancement was not mentioned "prior to the **plea**," which is a different claim.  In any event, there appears to be no basis for his conclusory, unsworn assertion that he would not have pleaded guilty if he had "clearly understood" the gun

enhancement as a possibility (doc. 123 at 2).  The factual summary in support of Defendant's guilty plea, which Defendant signed after it was read to him by counsel (*see* doc. 117, exh. A at 3), states that co-defendant Williams sold firearms out of the joint residence (doc. 46 at 1).  During the plea colloquy, Defendant indicated he understood that the penalty he faced was between the mandatory minimum of five years and up to 40 years on Count 1 and a maximum term of twenty years imprisonment on Count 2 (doc. 103 at 21–22).  The court informed Defendant that even though counsel went over the guidelines with him, neither counsel nor the court could predict what sentence he would receive (*id.* at 22–23).  Ultimately, the 63-month sentence imposed was just above that mandatory minimum he was warned about at the time he entered his plea.  Defendant's suggestion that he would have been eligible for the "safety valve" provision, § 5C1.2 of the guidelines, is incorrect because he had more than one criminal history point.  *See* § 5C1.2(a)(1).  Additionally, the court notes that had Defendant gone to trial he would have faced a near certain conviction in light of the guilty pleas entered by the two co-conspirators, and quite likely would have ended up with a longer sentence after losing the three-level acceptance of responsibility adjustment.  Finally, in another pleading filed with the court Defendant concedes that this adjustment "is legal and so the enhancement is not being disputed" (doc. 113 at 1).  For all of the foregoing reasons, the court rejects Defendant's bare, conclusory and unsworn allegations as insufficient to satisfy the Strickland test.  *See* Wilson, 962 F.2d at 998; Tejada, 941 F.2d at 1559; Stano, 901 F.2d at 899 (citing Blackledge, 431 U.S. at 74, 97 S. Ct. at 1629); United States v. Ross, 147 Fed. Appx. 936, 939 (11th Cir. 2005).

Ground Four

Defendant's final ground for relief, that counsel failed to discuss an appeal with him after sentencing, was also withdrawn in his traverse because there was no factual or legal basis to support it (doc. 123 at 1).

**Certificate of Appealability**

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. That the motion to vacate, set aside, or correct sentence (doc. 109) be **DENIED** and **DISMISSED**.

2. That a certificate of appealability be **DENIED.**

At Pensacola, Florida, this 28th day of June 2011.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** See **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**