**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**


UNITED STATES OF AMERICA

vs.                                              Case Nos.  3:09cr114/MCR

CASEY PENTON

_____/

## O R D E R

      This matter is before the court upon Defendant's motion for statement of reasons (doc. 113), the Government's response thereto (doc. 118), and Defendant's reply (doc. 121).

      Defendant contends that he has been prejudiced by the Bureau of Prisons' ("BOP") erroneous classification of him as a violent offender because he is now ineligible to receive a reduced sentence for participating in the Residential Drug Abuse Program ("RDAP").  He admits that his PSR reflects a two-level adjustment pursuant to U.S.S.G. § 2D1.1(b)(1) due to possession of a dangerous weapon (*see* doc. 82, PSR ¶ 64), but he maintains that this was a technical <u>Pinkerton</u>-type attribution, and that there has been no evidence presented which would establish that he possessed a firearm.  Defendant asserts that he has no history of violence and should not be classified as such, because there has been no showing that he personally acted in a violent manner (doc. 113 at 2).  He therefore requests that this court provide a "formal recital of determination regarding his personal involvement with the weapon . . . and any finding regarding [his] character and propensity to violence" (*id.*), either by way of an appendix to the original Statement of Reasons or by issuing a "new" Statement of Reasons.  In the alternative he asks that the instant motion be characterized as a writ of coram nobis to include additional relevant facts in the record (doc. 113 at 3).

The impetus for this motion appears to be a March 24, 2010, letter written by Senior Judge Roger Vinson to Mr. Myron Cunningham, a federal inmate who was convicted in Case No. 3:99cr30-06/RV in this court.  Defendant has appended a copy of Judge Vinson's letter to his motion (doc. 113, exh. A).[1]  Mr. Cunningham's ultimate goal was also credit for participation in the RDAP.  In his letter, Judge Vinson advised Mr. Cunningham that the BOP had the sole discretion to determine Cunningham's eligibility for placement in the RDAP.  Judge Vinson noted that contact with Cunningham's case manager revealed that Cunningham was eligible to participate in the RDAP program despite the presence of a firearm in the conspiracy because he did not personally possess the firearm.  The court pointed out that Cunningham's Judgment and Commitment order ("J & C") contained a statement making it clear that he was held responsible for the firearm of a co-conspirator, so as not to disqualify him from a lower level institution or from less restrictive incarceration opportunities because of the "technical Pinkerton-type firearm attribution."  Judge Vinson explained, though, that even if Cunningham successfully completed the RDAP, the BOP had discretion with respect to the RDAP.  He concluded by stating that there was no statutory authority that would allow the court to modify Cunningham's sentence, and that there was no further action the court could take concerning his placement in the program (id.).  The remaining two attachments to Defendant's motion are two BOP documents pertaining to Myron Cunningham titled "request for § 3621(e) Offense review," dated in April and May of 2010.  Both decisions are dated after Judge Vinson's letter.  However,

---

[1]  The personal correspondence from Judge Vinson was apparently in response to a motion filed by defendant Cunningham to amend the PSR in an attempt to gain the § 3621(e) one-year sentence reduction for completing the RDAP (Case No. 3:99cr30/RV, doc. 374).  In his motion, Cunningham noted that in the judgment, the court specifically included the language, "There is no evidence the defendant possessed a firearm and should not be disqualified from service of his sentence at a lower level institution" (id. at 1, exh A; doc. 168 at 2).  This sentence was part of the court's "recommendation" to the BOP (see doc. 168 at 2).  Because of this recommendation, Cunningham argued that he should not have been precluded from RDAP participation.  He sought to amend the PSR to remove the firearm enhancement claiming that a BOP Program Coordinator had told him that what the judge says or the judgment or PSR says is irrelevant; if there is any mention of a gun or enhancement, an inmate would be precluded from RDAP participation (id. at 2).  The court denied Cunningham's motion on a Referral and Order ("R&O") without further comment on March 24, 2010 (Case No. 3:99cr30/RV, doc. 375), and apparently wrote the letter on the same date after having contacted Cunningham's case manager.

while the April review concluded that Cunningham's current and/or prior offense precluded him from early release, the May decision, purportedly reached after review of Judge Vinson's letter, found that Cunningham was not so precluded (*id.* exh. A-1, A-2 *et seq.*). Defendant noted that the BOP utilized Judge Vinson's letter to attain "more accurate and rational decisions" with respect to RDAP placement and credit (doc. 113 at 2).

Both Cunningham and Penton had the same goal–to be able to participate in and receive credit for RDAP. Cunningham, however, sought to have the two level adjustment omitted from the PSR, while Defendant Penton does not. Additionally, Cunningham's J&C already contained an explicit statement with respect to his involvement with firearms, and Defendant's does not. Judge Vinson commented in his letter to Mr. Cunningham that the court had "no statutory authority . . . to modify the existing sentence" (doc. 114, exh. A). Defendant Penton cites United States v. Portillo, 363 F.3d 1161 (11th Cir. 2004) and United States v. Wimbush, 103 F.3d 968, 970 (11th Cir. 1997) in support of his position that the relief he requests is not proscribed by statute. In Portillo, the district court relied on Federal Rule of Criminal Procedure 36 to correct errors in the judgment. One correction changed the individuals to whom the defendant was directed to pay restitution. The appellate court found this to be a clerical error that was "minor and mechanical in nature" and amended the judgment only so that there was no conflict between the oral and the written judgments. 363 F.3d at 1165. The Eleventh Circuit also found proper the trial court's deletion of the requirement that restitution be paid "jointly and severally" with the co-conspirator. It accepted this change as one in which the court "correct[ed] an error in the record arising from oversight or omission," with the oversight being the fact that restitution could not be joint and several since the co-conspirator had not been ordered to pay restitution. *Id.* In Wimbush, the Eleventh Circuit remanded the case for correction of a scrivener's error in the judgment which had resulted in an incorrect citation for the offense of conviction. 103 F.3d at 970. In neither case was the substance of the judgment affected.

The government has not addressed whether this court has the authority to grant the relief requested. Instead, it maintains that Defendant's assertion that the BOP has violated

his rights is legally without merit because admission into and a sentence reduction as a result of the RDAP program is totally within the BOP's discretion.  Lopez v. Davis, 531 U.S. 230 (2001).   As further proof of the deference afforded to the BOP's discretion, the government points to this court's comment at sentencing that "I *hope* that the Bureau of Prisons will take my *recommendation* into account and *allow* him to participate in that program" (*see* doc. 104 at 25) (emphasis added).  In response, Defendant notes that he has <u>not</u> claimed the BOP has violated his rights—he merely requests a Statement of Reasons "which speaks to [his] involvement with a firearm/ammunition and any related violence therewith" for presentation to the BOP for its consideration in determining his eligibility for the RDAP (doc. 120 at 5).  Presumably, Defendant seeks to have all relevant information to present, so the BOP can make a "more accurate and rational decision" (doc. 113 at 2).  Neither the proper exercise of, nor extent of, the BOP's discretion is at issue here, and Defendant has not alleged a constitutional violation.

The government also takes the position that Defendant has a "history of violence" such that he would not qualify for the RDAP.  In support, the Government cites Defendant's prior criminal history as set forth in his PSR (PSR, doc. 82 at ¶¶ 74, 75, 76 and 79), the description of Defendant in the PSR as the "muscle" (*id.* at ¶ 9) of the criminal conspiracy, and the fact that Defendant and/or his brother had firearms or ammunition in their joint residence for protection (*id.* at ¶¶ 10, 44-45).  The weight of the government's position is not overwhelming.  Three of the four offenses noted in Defendant's criminal history occurred while Defendant was under the age of eighteen (*id.* at ¶¶ 74–76), and, while not discounting the seriousness of Defendant's actions, the last offense, which occurred when Defendant was nineteen, appeared to be merely a brief physical altercation between romantic rivals (*id.* at ¶ 79).  None of these offenses involved firearms.  Next, the description of Defendant as the "muscle" of the conspiracy was meant to contrast with the description of co-defendant William Penton as the "brains" (doc. 82 ¶ 9).  And finally, there was no evidence that Defendant himself ever used or possessed firearms.  In any event, all of the information in the PSR was clearly before this court when it stated on the record,

immediately after recommending that Defendant "be qualified to participate in" the RDAP, as follows:  "I do find that he is a suitable candidate for that program." (Doc. 104 at 25).

The judgment in Defendant's case contained the recommendation that "while in prison the defendant participate in the Residential Substance Abuse Treatment program or other such program offered through the Bureau of Prisons" (doc. 79 at 2).  It did not contain any comment with respect to Defendant's violent or non-violent tendencies, which is the sole purpose of Defendant's motion. It is true that neither the judgment nor the statement of reasons nor any other part of the record contains any evidence that Defendant personally possessed a firearm.  However, the fact that this information was not included in either document is not an "error" of the sort contemplated by Fed. R. Crim. P. 36.  Therefore, Rule 36 does not provide the court with the authority to modify the statement of reasons in this case.  However, this order serves as clarification of the court's intent and of the record in this case.

Accordingly, it is ORDERED that the motion for statement of reasons (doc. 113) is DENIED.

**DONE AND ORDERED** this 5th day of July, 2011.


*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**